IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
98 APR 24 AM 11:38
U.S. DISTRICT COURT
N.D. OF ALABAMA



ENTERED
APR 24 1998

BILL HARBERT CONSTRUCTION )
COMPANY, a division of Bill )
Harbert International, Inc., )
                              )
        Plaintiff,            )
                              ) CIVIL ACTION NO. 98-G-0117-S
    v.                        )
                              )
CORTEZ BYRD CHIPS, INC.,      )
                              )
        Defendant.            )

<u>MEMORANDUM OPINION</u>

      This motion came before the court at its April 17, 1998, motion docket. Both sides briefed and argued the motion well, and the court took the motion under advisement. Having considered the motion, pleadings, submissions and arguments of counsel, and the applicable law, the court is of the opinion the motion should be denied.

      The issue before the court is whether the district court where an arbitration award was made has *exclusive* or *permissive* authority to adjudicate an action to vacate, modify, or correct the award pursuant to 9 U.S.C. § 9.

In 1974, the Fifth Circuit, in *City of Naples v. Prepakt Concrete Company*, 490 F.2d 182 (5th Cir. 1974)[1] held that by agreeing to "an arm's length commercial contract to abide by the A.A.A.'s decision as to arbitration locale ..., the City had waived its right to oppose an Ohio locale." 490 F.2d at 184. The court held that arbitration had taken place in Ohio and therefore, "under § 9, the Ohio District Court was the proper court to confirm, vacate, modify, or correct the arbitration award." Id. Although the case dealt with the issue of waiver of the right to object to locale,[2] the court also held that the locale of the arbitration determined the authority of the court to decide issues pertaining to the arbitration award. The last holding controls the decision here.

Since defendant filed in the district court in Mississippi prior to plaintiff's filing the instant action here defendant has urged the court to follow the decision in *Sutter Corp. v. P & P Industries, Inc.*, 125 F.3d 914 (5th Cir. 1997), which held the "'first to file rule' not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] In *Prepakt* the contract specified no specific place. The parties designated a method for choosing a place.

2

filed must be dismissed, stayed or transferred and consolidated." 125 F.3d at 920. This holding is inconsistent with the holding in *Prepakt and with that* of the Ninth Circuit in *Central Valley Typographical Union No. 46 v. McClathcy Newspapers,* 762 F.2d 741, 744 (9th Cir. 1985) (placing primary reliance on where the arbitration was held).

In the instant case, the underlying arbitration was conducted within the Northern District of Alabama. The arbitrators had the right to decide where to arbitrate and arbitrated in this district. Other than the holding in *Prepakt*, previously discussed, our circuit has not addressed the issue of whether the language of 9 U.S.C. §9 conveys exclusive or permissive authority upon the district court in which the arbitration was heard. Even so, it is immaterial that the Eleventh Circuit has not decided whether permissive or mandatory jurisdiction applies: the old Fifth Circuit has. The PLACE of arbitration determines the jurisdiction of the court. By *Bonner* this court is bound to the situs of the arbitration.

Consistent with the decision in *Prepakt,* plus adoption of the reasoning of the Ninth Circuit in *Central Valley*, this court holds that it has *exclusive* authority to adjudicate the action to vacate, modify, or correct the award. Accordingly, the motion of the defendant to dismiss, transfer, or stay this action pending resolution by the United States District Court for the

3

Southern District of Mississippi of Byrd's complaint to vacate and/or modify the arbitration award is denied.

An order consistent with this opinion is being entered contemporaneously herewith.

DONE and ORDERED this 24th day of April 1998.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.