IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**FILED**
MAY 20 1998
UNITED STATES DISTRICT COURT



ENTERED
MAY 21 1998

BILL HARBERT CONSTRUCTION )
COMPANY, a division of Bill )
Harbert International, Inc., )
                             )
        Plaintiff,           )
                             ) CIVIL ACTION NO. 98-G-0117-S
    v.                       )
                             )
CORTEZ BYRD CHIPS, INC.,     )
                             )
        Defendant.           )

MEMORANDUM OPINION

The court has been asked to grant defendant's motion for an interlocutory appeal from its order of April 24, 1998, at which time the court ruled it had *exclusive* authority to adjudicate the action to vacate, modify, or correct the arbitration award. *City of Naples v. Prepakt Concrete Company*, 490 F.2d 182 (5th Cir. 1974);[1] *Central Valley Typographical Union No. 46 v. McClathy Newspapers*, 762 F.2d 741, 744 (9th Cir. 1985). The court held that it was immaterial that the Eleventh Circuit has not decided whether permissive or mandatory jurisdiction applies since the old Fifth Circuit has. By *Bonner* this court is bound to the situs of the arbitration. There being no legitimate

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

17

difference of opinion between the old Fifth and Eleventh Circuits as to controlling law, the defendant's motion for interlocutory appeal is denied.

Since the arbitration properly took place here, this court has jurisdiction to consider vacating or affirming the arbitration award. As stated in *Booth v. Hume Pub., Inc.*, 902 F.2d 925, 932 (11th Cir. 1990), the Federal Arbitration Act expresses a presumption that arbitration awards will be confirmed by referring to the following words of the statute:

> Section 9 of the Act provides that if the parties have agreed to judicial confirmation of the award, then '*the court must grant such an order* [confirming the award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.'
> 9 U.S.C. § 9 (1970) (emphasis added).

The arbitration award has not been vacated, modified, or corrected. The record being absent a valid ground for *vacatur* or modification,[2] and the motions having been fully briefed,[3] the arbitration award is due to be affirmed.

For the reasons set forth above the court holds the following:

---

[2] Defendant did not articulate a single legal ground pursuant to 9 U.S.C. § 10 by which the arbitration can be vacated (other than to plead, without evidentiary support, a "laundry list" of grounds in a purely conclusory manner).

[3] "[T]he district court need not conduct a full hearing on a motion to vacate or confirm; such motions may be decided on the papers without oral testimony." *Booth*, 902 F.2d at 932.

1) The motion to grant an interlocutory appeal is denied;
2) The motion to vacate the arbitration award is denied; and
3) The motion to enforce the arbitration award is granted.

An order consistent with this opinion is being entered contemporaneously herewith.

DONE and ORDERED this 20th day of May 1998.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.