IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
98 JUN -1 PM 12: 13
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| BILL HARBERT CONSTRUCTION COMPANY, a division of Bill Harbert International, Inc., | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 98-G-0117-S |
| CORTEZ BYRD CHIPS, INC., | ) |
| Defendant. | ) |



ENTERED
JUN 01 1998

## MEMORANDUM OPINION

The above-styled action to enforce the arbitration award was filed January 20, 1998. In its complaint Bill Harbert Construction Company [hereinafter Harbert] asked the court to enter an order confirming the arbitration panel's award and to enter judgment for the net sum of $274,256.90 ($1,845,000.00-- adjusted contract amount plus $2,500.00 reimbursement less $1,573,243.10 payment), plus interest, costs, and expenses. A copy of the award of the arbitrators was attached to the complaint.

Defendant's answer contained a counterclaim by which it asked the court to vacate the portion of the arbitration award pertaining to the payment of damages and all supporting analysis. At its April 17, 1998, motion docket the court heard the defendant's motion to dismiss, transfer or stay this action



pending resolution by the District Court for the Southern District of Mississippi. In its order and memorandum opinion of April 24, 1998, the court denied the motion, holding that the place of arbitration determines the jurisdiction of the court. "Consistent with the decision in *Prepakt*,[1] plus adoption of the reasoning of the Ninth Circuit in *Central Valley*,[2] this court holds that it has *exclusive* authority to adjudicate the action to vacate, modify, or correct the award."[3]

By order and memorandum opinion of May 20, 1998, the court held that since the arbitration properly took place in Alabama, following *Booth v. Hume Pub., Inc.*, 902 F.2d 925 (11th Cir. 1990), the motion to enforce the arbitration award was granted. By the same order and opinion the court denied defendant's motion to file an interlocutory appeal from its April 24, 1998, order.

By orders and memorandum opinions of April 24, 1998, and May 20, 1998, the court effectively disposed of defendant's counterclaim. A copy of those orders and opinions are attached hereto and are incorporated as part of this memorandum opinion.

---

[1] *City of Naples v. Prepakt Concrete Company*, 490 F.2d 182 (5th Cir. 1974), adopted as binding precedent in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] *Central Valley Typographical Union No. 46 v. McClathcy Newspapers*, 762 F.2d 741 (9th Cir. 1985).

[3] Page 3 of the April 24, 1998, memorandum opinion.

Since there has been no specific ground of attack pleaded and no evidence proffered to support any attack on the award, the court holds that plaintiff is due final judgement as a matter of law, defendant's actions only seeking delay of the inevitable.

An order consistent with this opinion is being entered contemporaneously herewith.

DONE and ORDERED this /s/ day of June 1998.

*[signature]*

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
98 APR 24 AM 11:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 24 1998

BILL HARBERT CONSTRUCTION )
COMPANY, a division of Bill )
Harbert International, Inc., )
                             )
        Plaintiff,           )
                             ) CIVIL ACTION NO. 98-G-0117-S
   v.                        )
                             )
CORTEZ BYRD CHIPS, INC.,     )
                             )
        Defendant.           )

## MEMORANDUM OPINION

This motion came before the court at its April 17, 1998, motion docket. Both sides briefed and argued the motion well, and the court took the motion under advisement. Having considered the motion, pleadings, submissions and arguments of counsel, and the applicable law, the court is of the opinion the motion should be denied.

The issue before the court is whether the district court where an arbitration award was made has *exclusive* or *permissive* authority to adjudicate an action to vacate, modify, or correct the award pursuant to 9 U.S.C. § 9.

In 1974, the Fifth Circuit, in *City of Naples v. Prepakt Concrete Company*, 490 F.2d 182 (5th Cir. 1974)[1] held that by agreeing to "an arm's length commercial contract to abide by the A.A.A.'s decision as to arbitration locale ..., the City had waived its right to oppose an Ohio locale." 490 F.2d at 184. The court held that arbitration had taken place in Ohio and therefore, "under § 9, the Ohio District Court was the proper court to confirm, vacate, modify, or correct the arbitration award." *Id.* Although the case dealt with the issue of waiver of the right to object to locale,[2] the court also held that the locale of the arbitration determined the authority of the court to decide issues pertaining to the arbitration award. The last holding controls the decision here.

Since defendant filed in the district court in Mississippi prior to plaintiff's filing the instant action here defendant has urged the court to follow the decision in *Sutter Corp. v. P & P Industries, Inc.*, 125 F.3d 914 (5th Cir. 1997), which held the "'first to file rule' not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] In *Prepakt* the contract specified no specific place. The parties designated a method for choosing a place.

2

filed must be dismissed, stayed or transferred and consolidated." 125 F.3d at 920. This holding is inconsistent with the holding in *Prepakt* and with that of the Ninth Circuit in *Central Valley Typographical Union No. 46 v. McClathcy Newspapers,* 762 F.2d 741, 744 (9th Cir. 1985) (placing primary reliance on where the arbitration was held).

In the instant case, the underlying arbitration was conducted within the Northern District of Alabama. The arbitrators had the right to decide where to arbitrate and arbitrated in this district. Other than the holding in *Prepakt*, previously discussed, our circuit has not addressed the issue of whether the language of 9 U.S.C. §9 conveys exclusive or permissive authority upon the district court in which the arbitration was heard. Even so, it is immaterial that the Eleventh Circuit has not decided whether permissive or mandatory jurisdiction applies: the old Fifth Circuit has. The PLACE of arbitration determines the jurisdiction of the court. By *Bonner* this court is bound to the situs of the arbitration.

Consistent with the decision in *Prepakt,* plus adoption of the reasoning of the Ninth Circuit in *Central Valley*, this court holds that it has *exclusive* authority to adjudicate the action to vacate, modify, or correct the award. Accordingly, the motion of the defendant to dismiss, transfer, or stay this action pending resolution by the United States District Court for the

3

Southern District of Mississippi of Byrd's complaint to vacate and/or modify the arbitration award is denied.

An order consistent with this opinion is being entered contemporaneously herewith.

DONE and ORDERED this 24th day of April 1998.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

4

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
98 APR 24 AM 11:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 24 1998

BILL HARBERT CONSTRUCTION )
COMPANY, a division of Bill )
Harbert International, Inc., )
                                     )
     Plaintiff,             )
                                     )   CIVIL ACTION NO. 98-G-0117-S
v.                             )
                                     )
CORTEZ BYRD CHIPS, INC.,   )
                                     )
     Defendant.             )

## ORDER

     This cause came before the court at its regularly scheduled motion docket of April 17, 1998, on the motion of defendant Cortez Byrd Chips, Inc. to dismiss, transfer, or stay this action pending resolution by the United States District Court for the Southern District of Mississippi of Byrd's complaint to vacate and/or modify the arbitration award. Having considered the motion, the pleadings, the submissions and arguments of counsel, and the applicable law, the court is of the opinion the motion should be denied. Accordingly, consistent with the memorandum opinion being entered contemporaneously herewith, it is

     ORDERED, ADJUDGED and DECREED that the motion of defendant Cortez Byrd Chips, Inc. to dismiss, transfer, or stay

this action pending resolution by the United States District Court for the Southern District of Mississippi of Byrd's complaint to vacate and/or modify the arbitration award be and it hereby is DENIED.

DONE and ORDERED this 24th day of April 1998.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

2

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
MAY 20 1998
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA



ENTERED
MAY 21 1998

BILL HARBERT CONSTRUCTION )
COMPANY, a division of Bill )
Harbert International, Inc., )
　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　) CIVIL ACTION NO. 98-G-0117-S
　　v.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
CORTEZ BYRD CHIPS, INC.,　　　　)
　　　　　　　　　　　　　　　　　)
　　　Defendant.　　　　　　　　)

### MEMORANDUM OPINION

The court has been asked to grant defendant's motion for an interlocutory appeal from its order of April 24, 1998, at which time the court ruled it had *exclusive* authority to adjudicate the action to vacate, modify, or correct the arbitration award. *City of Naples v. Prepakt Concrete Company*, 490 F.2d 182 (5th Cir. 1974);[1] *Central Valley Typographical Union No. 46 v. McClathy Newspapers*, 762 F.2d 741, 744 (9th Cir. 1985). The court held that it was immaterial that the Eleventh Circuit has not decided whether permissive or mandatory jurisdiction applies since the old Fifth Circuit has. By *Bonner* this court is bound to the situs of the arbitration. There being no legitimate

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

difference of opinion between the old Fifth and Eleventh Circuits as to controlling law, the defendant's motion for interlocutory appeal is denied.

Since the arbitration properly took place here, this court has jurisdiction to consider vacating or affirming the arbitration award. As stated in *Booth v. Hume Pub., Inc.*, 902 F.2d 925, 932 (11th Cir. 1990), the Federal Arbitration Act expresses a presumption that arbitration awards will be confirmed by referring to the following words of the statute:

> Section 9 of the Act provides that if the parties have agreed to judicial confirmation of the award, then '*the court must grant such an order* [confirming the award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.'
> 9 U.S.C. § 9 (1970) (emphasis added).

The arbitration award has not been vacated, modified, or corrected. The record being absent a valid ground for *vacatur* or modification,[2] and the motions having been fully briefed,[3] the arbitration award is due to be affirmed.

For the reasons set forth above the court holds the following:

---

[2] Defendant did not articulate a single legal ground pursuant to 9 U.S.C. § 10 by which the arbitration can be vacated (other than to plead, without evidentiary support, a "laundry list" of grounds in a purely conclusory manner).

[3] "[T]he district court need not conduct a full hearing on a motion to vacate or confirm; such motions may be decided on the papers without oral testimony." *Booth*, 902 F.2d at 932.

2

1) The motion to grant an interlocutory appeal is denied;
2) The motion to vacate the arbitration award is denied; and
3) The motion to enforce the arbitration award is granted.

An order consistent with this opinion is being entered contemporaneously herewith.

DONE and ORDERED this 20th day of May 1998.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

3

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION



MAY 2 0 1998

UNITED STATES DISTRICT COURT



MAY 2 1 1998

BILL HARBERT CONSTRUCTION )
COMPANY, a division of Bill )
Harbert International, Inc., )
                              )
        Plaintiff,            )
                              ) CIVIL ACTION NO. 98-G-0117-S
    v.                        )
                              )
CORTEZ BYRD CHIPS, INC.,      )
                              )
        Defendant.            )

ORDER

This cause comes before the court on the following motions:

1) Motion of defendant Cortez Byrd Chips, Inc. to file an interlocutory appeal from this court's order dated April 24, 1998;

2) Motion of plaintiff Bill Harbert Construction Company to confirm the arbitration award;[1]

3) Plaintiff's renewed motion to confirm the arbitration award; and

4) Motion of defendant Cortez Byrd Chips, Inc. to vacate the arbitration award.[2]

---

[1] The motion is contained within the January 20, 1998, complaint. Although the motion is not properly filed as a motion, the renewed motion places it before the court.

[2] Although not properly filed as a motion, this motion appears in defendant's answer and counterclaim, and the court has taken it as a motion.

Having considered the motions, the pleadings, and the arguments of counsel, the court is of the opinion that the motion to file the interlocutory appeal should be denied, the motion for *vacatur* should be denied, and the arbitration award should be enforced. Accordingly, consistent with the memorandum opinion being entered contemporaneously herewith, it is

ORDERED, ADJUDGED and DECREED that the motion of defendant Cortez Byrd Chips, Inc. to file an interlocutory appeal from this court's order dated April 24, 1998, be and it hereby is DENIED. It is

FURTHER ORDERED, ADJUDGED and DECREED that the motion of plaintiff Bill Harbert Construction Company to confirm the arbitration award be and it hereby is GRANTED. It is

FURTHER ORDERED, ADJUDGED and DECREED that the motion of defendant Cortez Byrd Chips, Inc. to vacate the arbitration award be and it hereby is DENIED.

DONE and ORDERED this 20th day of May 1998.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

2